JS 44 (Rev. 1/16)   RBS CIVIL COVER SHEET   16-CV-4649

16   4649

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tucker, Leora

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Isaac H. Green, Esquire
200 Limekiln Pike, Glenside, PA 19038
267-625-9189

## DEFENDANTS
City of Philadelphia Sheriff's Office

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 12101 et seq.
Brief description of cause:
Americans with Disabilities Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  Aug. 24, 2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE  AUG 26 2016

**UNITED STATES DISTRICT COURT** 16 4649 **APPENDIX**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5389½ Charles Street, Philadelphia, PA 19124

Address of Defendant: 100 South Broad Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Isaac H. Green, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: Aug 24, 2016 _____ 36059
Attorney-at-Law Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Aug 24, 2016 _____ 36059 AUG 26 2016
Attorney-at-Law Attorney I.D.#

CIV. 609 (4/03)

# CASE MANAGEMENT TRACK DESIGNATION FORM

**RBS**

LEORA TUCKER : CIVIL ACTION

v. :

CITY AF PHILADELPHIA SHERIFF'S OFFICE : NO. 16 4649

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

_Aug 24, 2016_      Isaac H. Green          _/s/ Isaac Green_
**Date**              **Attorney-at-law**      **Attorney for** Plaintiff

267-625-9189          215-885-1166            eileensbiz@yahoo.com

**Telephone**         **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

AUG 26 2016



RBS

#400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEORA TUCKER<br>5389½ Charles Street<br>Philadelphia, PA 19124<br>　　　　Plaintiff | : <br> : <br> : <br> : <br> : | CIVIL ACTION NUMBER<br><br>16   4649<br>JURY TRIAL DEMANDED |
| vs. | : <br> : | |
| CITY OF PHILADELPHIA SHERIFF'S<br>OFFICE<br>100 South Broad Street<br>Philadelphia, PA 19102<br>　　　　Defendant | : <br> : <br> : <br> : <br> : | |

## CIVIL ACTION

Plaintiff Leora Tucker, by and through her undersigned counsel, brings this civil action against Defendant City of Philadelphia Sheriff's Office and in support of this complaint avers the following:

I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., as amended, Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and the Pennsylvania Human Relations Act (PHRA), 43 P.S. 951-963, et seq.

2. This Court has jurisdiction pursuant to the following statutes:

　　A. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

B. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government; and

C. 28 U.S.C. 1367, which gives district courts supplemental jurisdiction over state law claims.

3. Venue is proper in this district under 28 U.S.C. 1391(B) inasmuch as the events giving rise to these claims occurred within this district.

4. Plaintiff received the 90 day Notice of Right to Sue from the Justice Department on June 3, 2016. (See Right to Sue letter attached hereto.)

II. PARTIES

5. Plaintiff is a citizen of the United States and resides in Philadelphia, Pennsylvania, which is in this judicial district.

6. Defendant is the governmental agency which provides security for all aspects of the court system of the City of Philadelphia known as the First Judicial District of Pennsylvania and conducts monthly sheriff sales of real estate properties pursuant to court order, among other functions.

7. Defendant employs in excess of 500 employees.

III. FACTUAL BACKGROUND

8. All preceding paragraphs are incorporated herein as if fully set forth at length below.

9. Plaintiff began her employment in Defendant Sheriff's Office of Philadelphia on or about August 27, 2007, as a Deputy Sheriff Officer.

10. On or about May 9, 2014, Plaintiff had surgery on both feet which rendered her unable to walk on her feet and unable to return to work.

11. Eventually, Plaintiff was discharged by her foot surgeon but continued to experience substantial difficulty walking and standing.

12. On or about May 28, 2014, Plaintiff was examined by the physician for the city. She was approved to return to work with the restrictions of no prolonged standing or no extensive walking for prolonged periods.

13. On or about June 2, 2014, Plaintiff returned to work. However, Defendant ignored the restrictions and conditions under which she was to work as stated by the physician for the city.

14. On her first day back to work, Plaintiff was caused to do substantial walking and prolonged standing which resulted in aggravating the condition of her feet.

15. On or about June 3, 2014, because of the pain that she was experiencing due to Defendant's failure to follow the restrictions and conditions imposed by the city physician, Plaintiff was forced to stay home from work.

16. Eventually Plaintiff had to have more foot surgery and lost more time from work due to the condition of her feet which rendered her unable to stand or walk for prolonged periods.

17. As a deputy sheriff, walking and standing for prolonged periods are essential functions of the position.

18. The condition of her feet continued to exist and Plaintiff attempted to return to work with a reasonable accommodation of light duty and no prolonged walking or standing.

19. Given the condition of her feet, Plaintiff is disabled or regarded as disabled due to her medical history.

20. Plaintiff is able to work provided that there is no prolonged standing and she is permitted to rest her feet occasionally in an elevated position.

21. Plaintiff went out of work under the Family Medical Leave Act on August 15, 2014, until October 20, 2014, due to her disability.

22. On or about October 13, 2014, Plaintiff was cleared for modified duty beginning October 20, 2014, based on a clearance letter she received from her doctor.

23. The clearance letter was sent to the Sheriff and the Director of Human Resources for the Sheriff's Department, Hope Smart.

24. The clearance letter stated that Plaintiff was cleared to return to work in a limited capacity and she was fully recovered.

25. On October 14, 2014, Plaintiff sent another letter to the Sheriff and the Director of Human Resources confirming Plaintiff's conversation with the Safety Officer regarding her need for modified duty until November 14, 2014.

26. Plaintiff received electronic notification dated October 15, 2014, from the Safety Officer approving her request for modified duty until November 24, 2014.

27. The Sheriff sent an email to Plaintiff denying the request for modified duty. No reason was given.

28. On October 20, 2014, Plaintiff submitted an additional request for the reasonable accommodation of modified, sedentary desk duties with limited standing/walking from October 20, 2014 through November 17, 2014.

29. In a letter dated October 24, 2014, the Director of Human Resources advised Plaintiff that the request for light duty with a reasonable accommodation was denied. Again, no reason was given for the denial of the request for the accommodation.

30. Defendant failed to engage in the interactive process to consider alternatives to the requested reasonable accommodation as is required by the Americans with Disabilities Act.

31. On or about June 2, 2014, in a meeting with the Sheriff Jewell Williams, Mr. Williams informed Plaintiff that "there is no light duty for you. Since you like to play by the rules, then live by the rules. This is your environment that you created; now live in it".

32. These caustic, offensive remarks caused Plaintiff to believe that because she filed prior charges of employment discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, under no circumstances would she receive a reasonable accommodation nor would Defendant engage in the required interactive process to determine what accommodation would best accomplish the goal of allowing Plaintiff to return to work with the reasonable accommodation.

33. Indeed, as there is no documented attempt of efforts to reasonably accommodate Plaintiff in light of her disability, there is similarly no documented effort by Defendant to engage in the interactive process to determine the accommodation.

34. Further, despite the medically supported requests for reasonable accommodation, the Sheriff reassigned Plaintiff to posts the working conditions of which were unreasonably onerous and he told her she "would stand for eight hours and walk for eight hours".

35. Given the totality of the circumstances, Plaintiff reasonably believes the denial of the requests for reasonable accommodation and the refusal to engage in the interactive process are inextricably linked to the fact that she filed employment discrimination charges against Defendant on several prior occasions.

36. Upon information and belief, based on the comments of the Sheriff coupled with the repeated denials of a reasonable accommodation and the refusal to engage in the interactive process, Plaintiff was subjected to retaliation for filing prior employment discrimination based on disability and/or conditions for which she is regarded as disabled.

37. The actions and records of the Sheriff summarily prevented Plaintiff from enjoying federally protected rights secured to her under the Americans with Disabilities Act, as Amended in retaliation for filing prior discrimination complaints.

38. As a direct and proximate result of Defendant's conduct and/or employees acting on behalf of Defendant, Plaintiff suffered humiliation, embarrassment, anxiety and mental anguish.

39. As a direct and proximate result of the Defendant's conduct as stated above, Plaintiff has lost income and benefits.

40. As a direct and proximate result of the conduct of Defendant, its employees or agents, Plaintiff lost professional stature and employment.

41. The filing of the prior disability complaints against Defendant constituted protected activity under 42 U.S.C. § 12203(a) and in light of Burlington Northern and Santa Fe Ry. V. White, 548 U.S. 53, 126 Sup. Ct. 2405 (2006).

## IV. FEDERAL CLAIMS

### COUNT I

Plaintiff v. Defendant Sheriff of Philadelphia
Violation of the Americans with Disabilities Act as Amended,
42 U.S.C. § 12112(a)(1), 42 U.S.C. § 12112(a)(3) and
42 U.S.C. § 12112(a)(5)(A) and (B)

42. The preceding paragraphs alleged herein are incorporated and a part hereof as if fully set forth below.

43. Plaintiff is a qualified individual who with a reasonable accommodation can perform the essential functions of the position that she held.

44. Defendant knew or had reason to know that Plaintiff's doctors stated in reports that Plaintiff was not to do prolonged standing or walking and was to return to work on light duty in light of the condition of her feet.

45. Defendant disregarded the medical opinions of Plaintiff's doctors and the city's doctor regarding the conditions upon which Plaintiff was to return to work, as stated above.

46. Defendant failed to engage in an interactive process to create a reasonable accommodation for Plaintiff.

47. Defendant's failure to accommodate Plaintiff's limitations affected the terms and conditions and privileges of her employment.

48. Plaintiff was substantially limited in performing a major life activity in walking and standing and was regarded as disabled.

49. Defendant was aware of Plaintiff's substantial record of impairment.

50. Defendant discriminated against Plaintiff on the basis of disability in denying her employment and by altering the terms and conditions of her employment such that Plaintiff was constructively discharged by Defendant due to the disability in violation of 42 U.S.C. § 12101(a) and (b) and 42 U.S.C. §12112(a).

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment in favor of Plaintiff and against Defendant and award monetary damages in excess of $150,000 to Plaintiff for lost income, mental anguish, pain and suffering, humiliation and embarrassment, and any other relief which the Court deems proper, plus attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT II

Plaintiff v. Defendant Sheriff of Philadelphia
Violation of 42 U.S.C. § 12112(b)(5)(A)

51. Plaintiff incorporated all preceding paragraphs as if set forth fully at length below.

52. Defendant discriminated against Plaintiff on the basis of disability by not making reasonable accommodation to the known physical limitation of Plaintiff, an otherwise qualified individual with a disability who was an employee and by failing to engage in an interactive process to determine a reasonable accommodation for Plaintiff, thereby causing Plaintiff to be constructively discharged.

53. Defendant failed to demonstrate that an accommodation would impose an undue hardship on the operations of the Sheriff's Office.

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment against Defendant in an amount in excess of $150,000 plus lost wages, lost future earnings, punitive damages, attorney fees under 42 U.S.C. § 1988, cost and expenses.

## COUNT III

### Plaintiff v. Defendant Sheriff
### Violation of 42 U.S.C. § 12203(a)

54. All preceding paragraphs alleged herein are incorporated and made a part hereof as if set forth at length below.

55. Defendant refused to reasonably accommodate Plaintiff in retaliation for filing prior claims of employment discrimination.

56. Defendant refused to engage in the interactive process with Plaintiff to develop a reasonable accommodation in retaliation for filing claims of

employment discrimination in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12203(A).

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in an amount in excess of $150,000 plus attorney fees, costs and expenses.

### V. STATE LAW CLAIMS

### COUNT IV

#### Plaintiff v. Defendant Sheriff's Office of the City of Philadelphia
43 P.S. § 951-963 ("The Act")

57. All preceding paragraphs are incorporated herein as if fully set forth at length below.

58. Defendant engaged in conduct which violated Section 5(a)(5) of The Act in that because of Plaintiff's disability Defendant discriminated against Plaintiff by altering the terms and conditions of her employment through constructive discharge because of her disability.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in an amount in excess of $150,000 plus attorney fees, costs and expenses.

### COUNT V

#### Plaintiff v. Sheriff's Office of Philadelphia
Violation of 43 P.S. 3951 Section 5(d)
Retaliation

59. All preceding paragraphs are incorporated herein as if fully set forth at length below.

60. Defendant engaged in conduct which was in retaliation for exercising rights secured to Plaintiff under federal and state laws under Section 5(d) of The Act.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $150,000 plus attorney fees, costs and expenses.

ISAAC H. GREEN, ESQUIRE
DEAN F. OWENS, ESQUIRE

*Attorneys for Plaintiff*
*Leora Tucker*