IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEORA TUCKER** <br> 5389½ Charles Street <br> Philadelphia, PA 19124 <br>           **Plaintiff** <br><br> **vs.** <br><br> **CITY OF PHILADELPHIA** <br> 100 South Broad Street <br> Philadelphia, PA 19102 <br>           **Defendant** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 16-4649** <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff Leora Tucker, by and through her undersigned counsel, brings this civil action against Defendant City of Philadelphia and in support of this complaint avers the following:

I. <u>JURISDICTION AND VENUE</u>

1. Plaintiff brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., as amended, Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and the Pennsylvania Human Relations Act (PHRA), 43 P.S. 951-963, et seq.

2. This Court has jurisdiction pursuant to the following statutes:

    A. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

B. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government; and

C. 28 U.S.C. 1367, which gives district courts supplemental jurisdiction over state law claims.

3. Venue is proper in this district under 28 U.S.C. 1391(B) inasmuch as the events giving rise to these claims occurred within this district.

4. Plaintiff received the 90 day Notice of Right to Sue from the Justice Department on June 3, 2016. (See Right to Sue letter attached hereto as Exhibit A.)

II. PARTIES

5. Plaintiff is a citizen of the United States and resides in Philadelphia, Pennsylvania, which is in this judicial district.

6. Defendant City of Philadelphia ("Defendant City") is a city of the first-class located in the Commonwealth of Pennsylvania which provides security through the Sheriff's Office for all aspects of the county court system known as the First Judicial District and conducts monthly sheriff sales of real estate properties pursuant to court order, among other functions. The Sheriff's Office is a department of the Defendant.

7. Defendant City employs in excess of 500 employees.

III. FACTUAL BACKGROUND

8. All preceding paragraphs are incorporated herein as if fully set forth at length below.

9. Plaintiff began her employment with Defendant City in the Sheriff's Office on or about August 27, 2007, as a Deputy Sheriff.

10. On or about May 9, 2014, Plaintiff had surgery on both feet which rendered her unable to walk on her feet and unable to return to work.

11. Eventually, Plaintiff was discharged by her foot surgeon but continued to experience substantial difficulty walking and standing.

12. On or about May 28, 2014, Plaintiff was examined by the physician for Defendant City. She was approved to return to work with the restrictions of no prolonged standing or no extensive walking for prolonged periods.

13. On or about June 2, 2014, Plaintiff returned to work. However, Defendant City ignored the restrictions and conditions under which she was to work as stated by the physician for Defendant city.

14. On her first day back to work, Plaintiff was caused to do substantial walking and prolonged standing which resulted in aggravating the condition of her feet.

15. On or about June 3, 2014, because of the pain that she was experiencing due to Defendant City's failure to follow the restrictions and conditions imposed by the Defendant City physician, Plaintiff was forced to stay home from work.

16. Eventually Plaintiff had to have more foot surgery and lost more time from work due to the condition of her feet which rendered her unable to stand or walk for prolonged periods.

17. As a deputy sheriff, walking and standing for prolonged periods are essential functions of the position.

18. The condition of her feet continued to exist and Plaintiff attempted to return to work with a reasonable accommodation of light duty and no prolonged walking or standing.

19. Given the condition of her feet, Plaintiff is disabled or regarded as disabled due to her medical history.

20. Plaintiff is able to work provided that there is no prolonged standing and she is permitted to rest her feet occasionally in an elevated position.

21. Plaintiff went out of work under the Family Medical Leave Act on August 15, 2014, until October 20, 2014, due to her disability.

22. On or about October 13, 2014, Plaintiff was cleared for modified duty beginning October 20, 2014, based on a clearance letter she received from her doctor.

23. The clearance letter was sent to Defendant City's Sheriff and the Director of Human Resources for the Sheriff's Department, Hope Smart.

24. The clearance letter stated that Plaintiff was cleared to return to work in a limited capacity and she was fully recovered.

25. On October 14, 2014, Plaintiff sent another letter to Defendant City's Sheriff and the Director of Human Resources confirming Plaintiff's conversation with the Safety Officer regarding her need for modified duty until November 14, 2014.

26. Plaintiff received electronic notification dated October 15, 2014, from the Safety Officer approving her request for modified duty until November 24, 2014.

27. Defendant City's Sheriff sent an email to Plaintiff denying the request for modified duty. No reason was given.

28. On October 20, 2014, Plaintiff submitted an additional request for the reasonable accommodation of modified, sedentary desk duties with limited standing/walking from October 20, 2014 through November 17, 2014.

29. In a letter dated October 24, 2014, the Director of Human Resources advised Plaintiff that the request for light duty with a reasonable accommodation was denied. Again, no reason was given for the denial of the request for the accommodation.

30. Defendant City failed to engage in the interactive process to consider alternatives to the requested reasonable accommodation as is required by the Americans with Disabilities Act.

31. On or about June 2, 2014, in a meeting with Defendant City's Sheriff Jewell Williams, Mr. Williams informed Plaintiff that "there is no light duty for you. Since you like to play by the rules, then live by the rules. This is your environment that you created; now live in it".

32. These caustic, offensive remarks caused Plaintiff to believe that because she filed prior charges of employment discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, under no circumstances would she receive a reasonable

accommodation nor would Defendant City engage in the required interactive process to determine what accommodation would best accomplish the goal of allowing Plaintiff to return to work with the reasonable accommodation.

33. Indeed, as there is no documented attempt of efforts to reasonably accommodate Plaintiff in light of her disability, there is similarly no documented effort by Defendant City to engage in the interactive process to determine the accommodation.

34. Further, despite the medically supported requests for reasonable accommodation, Defendant City's Sheriff reassigned Plaintiff to posts the working conditions of which were unreasonably onerous and he told her she "would stand for eight hours and walk for eight hours".

35. Given the totality of the circumstances, Plaintiff reasonably believes the denial of the requests for reasonable accommodation and the refusal to engage in the interactive process are inextricably linked to the fact that she filed employment discrimination charges against Defendant City on several prior occasions.

36. Upon information and belief, based on the comments of Defendant City's Sheriff coupled with the repeated denials of a reasonable accommodation and the refusal to engage in the interactive process, Plaintiff was subjected to retaliation for filing prior employment discrimination based on disability and/or conditions for which she is regarded as disabled.

37. The actions and records of Defendant City's Sheriff summarily prevented Plaintiff from enjoying federally protected rights secured to her under

the Americans with Disabilities Act, as Amended in retaliation for filing prior discrimination complaints.

38. As a direct and proximate result of Defendant City's conduct and/or employees acting on behalf of Defendant City, Plaintiff suffered humiliation, embarrassment, anxiety and mental anguish.

39. As a direct and proximate result of the Defendant City's conduct as stated above, Plaintiff has lost income and benefits.

40. As a direct and proximate result of the conduct of Defendant City, its employees or agents, Plaintiff lost professional stature and employment.

41. The filing of the prior disability complaints against Defendant City constituted protected activity under 42 U.S.C. § 12203(a) and in light of Burlington Northern and Santa Fe Ry. V. White, 548 U.S. 53, 126 Sup. Ct. 2405 (2006).

## IV. FEDERAL CLAIMS

### COUNT I

Plaintiff v. Defendant City of Philadelphia
Violation of the Americans with Disabilities Act as Amended,
42 U.S.C. § 12112(a)(1), 42 U.S.C. § 12112(a)(3) and
42 U.S.C. § 12112(a)(5)(A) and (B)

42. The preceding paragraphs alleged herein are incorporated and a part hereof as if fully set forth below.

43. Plaintiff is a qualified individual who with a reasonable accommodation can perform the essential functions of the position that she held.

44. Defendant City knew or had reason to know that Plaintiff's doctors stated in reports that Plaintiff was not to do prolonged standing or walking and was to return to work on light duty in light of the condition of her feet.

45. Defendant City disregarded the medical opinions of Plaintiff's doctors and the city's doctor regarding the conditions upon which Plaintiff was to return to work, as stated above.

46. Defendant City failed to engage in an interactive process to create a reasonable accommodation for Plaintiff.

47. Defendant City's failure to accommodate Plaintiff's limitations affected the terms and conditions and privileges of her employment.

48. Plaintiff was substantially limited in performing a major life activity in walking and standing and was regarded as disabled.

49. Defendant City was aware of Plaintiff's substantial record of impairment.

50. Defendant City discriminated against Plaintiff on the basis of disability in denying her employment and by altering the terms and conditions of her employment such that Plaintiff was constructively discharged by Defendant City due to the disability in violation of 42 U.S.C. § 12101(a) and (b) and 42 U.S.C. §12112(a).

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment in favor of Plaintiff and against Defendant City and award monetary damages in excess of $150,000 to Plaintiff for lost income, mental anguish, pain

and suffering, humiliation and embarrassment, and any other relief which the Court deems proper, plus attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II

### Plaintiff v. Defendant City of Philadelphia
### Violation of 42 U.S.C. § 12112(b)(5)(A)

51. Plaintiff incorporated all preceding paragraphs as if set forth fully at length below.

52. Defendant City discriminated against Plaintiff on the basis of disability by not making reasonable accommodation to the known physical limitation of Plaintiff, an otherwise qualified individual with a disability who was an employee and by failing to engage in an interactive process to determine a reasonable accommodation for Plaintiff, thereby causing Plaintiff to be constructively discharged.

53. Defendant City failed to demonstrate that an accommodation would impose an undue hardship on the operations of the Sheriff's Office.

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment against Defendant City in an amount in excess of $150,000 plus lost wages, lost future earnings, punitive damages, attorney fees under 42 U.S.C. § 1988, cost and expenses.

## COUNT III

### Plaintiff v. Defendant City of Philadelphia
### Violation of 42 U.S.C. § 12203(a)

54. All preceding paragraphs alleged herein are incorporated and made a part hereof as if set forth at length below.

55. Defendant City refused to reasonably accommodate Plaintiff in retaliation for filing prior claims of employment discrimination.

56. Defendant City refused to engage in the interactive process with Plaintiff to develop a reasonable accommodation in retaliation for filing claims of employment discrimination in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12203(A).

WHEREFORE, Plaintiff demands judgment against Defendant City for monetary damages in an amount in excess of $150,000 plus attorney fees, costs and expenses.

## V. STATE LAW CLAIMS

### COUNT IV

#### Plaintiff v. Defendant City of Philadelphia
43 P.S. § 951-963 ("The Act")

57. All preceding paragraphs are incorporated herein as if fully set forth at length below.

58. Defendant City engaged in conduct which violated Section 5(a)(5) of The Act in that because of Plaintiff's disability Defendant discriminated against Plaintiff by altering the terms and conditions of her employment through constructive discharge because of her disability.

WHEREFORE, Plaintiff demands judgment against Defendant City for monetary damages in an amount in excess of $150,000 plus attorney fees, costs and expenses.

## COUNT V

<u>Plaintiff v. City of Philadelphia</u>
Violation of 43 P.S. 3951 Section 5(d)
Retaliation

59. All preceding paragraphs are incorporated herein as if fully set forth at length below.

60. Defendant City engaged in conduct which was in retaliation for exercising rights secured to Plaintiff under federal and state laws under Section 5(d) of The Act.

WHEREFORE, Plaintiff demands judgment against Defendant City in an amount in excess of $150,000 plus attorney fees, costs and expenses.

_____  12/20/16
ISAAC H. GREEN, ESQUIRE
DEAN F. OWENS, ESQUIRE

*Attorneys for Plaintiff*
*Leora Tucker*

# EXHIBIT A



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7010 0290 0000 2017 4108

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

June 03, 2016

Ms. Leora M. Tucker
5389 1/2 Charles Street
Philadelphia, PA  19124

Re: EEOC Charge Against City of Philadelphia Sheriff's Office
    No. 530201500221

Dear Ms. Tucker:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia Sheriff's Office

## **CERTIFICATE OF SERVICE**

I, Isaac H. Green, Esquire, hereby certify that a true and correct copy of the foregoing was sent via United States first class mail, postage prepaid, to the following:

Nicole S. Morris, Esquire
Chief Deputy City Solicitor
Labor & Employment Unit
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102-1595

_____  12/20/16
ISAAC H. GREEN, ESQUIRE

Attorney for Plaintiff
Leora Tucker

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEORA TUCKER**<br>5389½ Charles Street<br>Philadelphia, PA 19124<br>    **Plaintiff**<br><br>v.<br><br>**CITY OF PHILADELPHIA SHERIFF'S OFFICE**<br>100 South Broad Street<br>Philadelphia, PA 19102<br>    **Defendant** | **CIVIL ACTION NO. 16-4649**<br><br>**JURY TRIAL DEMANDED** |

## ORDER

**AND NOW**, this_____day of_____, 20___, upon consideration of Plaintiff's Unopposed Motion to Amend the Complaint and any response thereto, it is hereby **ORDERED** and **DECREED** that the motion is **GRANTED**. The named Defendant in this matter is City of Philadelphia.

BY THE COURT:

_____
Honorable R. Barclay Surrick
Senior Judge U.S. District Court