IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEORA TUCKER | : |
| | :     CIVIL ACTION |
| v. | : |
| | :     NO. 16-4649 |
| CITY OF PHILADELPHIA | : |

**MEMORDANDUM**

**SURRICK, J.**                                                                            **MARCH 12, 2019**

Presently before the Court is Plaintiff's Motion to Open Discovery. (ECF No. 59.) Although the deadline for discovery has passed, Plaintiff seeks to obtain additional information pursuant to Federal Rule of Civil Procedure 56(d) to adequately respond to Defendant's Motion for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted.

**I.**      **BACKGROUND**

Plaintiff allegedly sustained a number of injuries while working for Defendant, the City of Philadelphia. She submitted claims for workers' compensation for those injuries. (Workers' Comp. C&Rs, MSJ Exs. B-E, ECF No. 46.) Plaintiff also filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant violated the Americans with Disabilities Act ("ADA"). (Am. Compl., ECF No. 6.) On March 9 and 10, 2016, Plaintiff and Defendant discussed settlement of Plaintiff's claims against Defendant at a workers' compensation hearing before a workers' compensation judge. (*See generally* Mar. 10, 2016 Hr'g Tr., MSJ Ex. H.) Plaintiff was represented by her workers' compensation attorney on those dates. (*Id.* at 1.) She was not represented by counsel for her EEOC claims. (*Id.*) On March 10, 2016, Plaintiff signed four separate agreements settling four workers' compensation claims. (Workers' Comp. C&Rs.) The settlement agreements each also included provisions

settling Plaintiff's EEOC claims. The agreements release Defendant from any liability related to Plaintiff's EEOC charge. (Workers' Comp. C&Rs.) At the hearing before a workers' compensation judge that took place on March 10th, Plaintiff raised concerns—apparently not for the first time—about including a settlement of her EEOC claim within her workers' compensation settlement agreements. (Mar. 10, 2016 Hr'g Tr. 14, 17.) Both Plaintiff's workers' compensation counsel and the workers' compensation judge, on the record, assured Plaintiff that she would have an opportunity to obtain EEOC counsel to discuss the EEOC releases during the 21-day appeal period following the judge's approval of the settlement agreements. (*Id.* at 17.) It is unclear whether Plaintiff consulted EEOC counsel during the appeal period, but Plaintiff did file timely *pro se* appeals of the workers' compensation agreements. (2/8/18 Workers' Comp. Decision ¶ 6, MSJ Ex. F.) Although the timeline of the workers' compensation proceedings became more complex at this point, the litigation culminated in a denial of Plaintiff's appeals on February 2, 2018. (*Id.* at Concl. of Law.)

On August 26, 2016, Plaintiff filed a Complaint in this Court against the City of Philadelphia Sheriff's Office alleging discrimination under the ADA and the Pennsylvania Human Relations Act. (ECF No. 1.) On December 20, 2016, she filed an Amended Complaint naming only the City of Philadelphia as the Defendant. (Am. Compl.) On October 10, 2017, Plaintiff was appointed new counsel. (ECF No. 39.) On March 30, 2018, Defendant filed a Motion for Summary Judgment. In the Motion for Summary Judgment, Defendant argues that Plaintiff's claims are precluded by the EEOC releases in her March 10, 2016 workers' compensation settlement agreements. On May 4, 2018, Plaintiff filed a Response in opposition to the Motion for Summary Judgment. (ECF No. 49.) Plaintiff counters that the releases of her EEOC rights are invalid because workers' compensation judges do not have jurisdiction to

approve EEOC settlements and because any payments due to Plaintiff under the March 10, 2016 settlements are for workers' compensation claims, not EEOC claims. As such, the EEOC waiver is not supported by consideration. On May 18, 2018, Defendant filed a Reply in support of its Motion for Summary Judgment. (ECF No. 50.) Defendant argues that the settlement agreements are valid regardless of the approval of the workers' compensation judge, and that they provide consideration for the EEOC releases.

On September 21, 2018, Plaintiff obtained new counsel. (ECF No. 57.) On October 9, 2018, Plaintiff filed the instant Motion to Open Discovery. (Mot. to Open, ECF No. 59.) Plaintiff now seeks additional discovery to raise new arguments in response to Defendant's Motion for Summary Judgment. Defendant filed a Response in opposition to Plaintiff's Motion to Open on October 23, 2018. (Def.'s Resp. to Mot. to Open, ECF No 60.)

## II. DISCUSSION

### A. Applicable Law

Rule 56(d) of the Federal Rules of Civil Procedure states that a court may allow additional discovery after a motion for summary judgment has been filed "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." In their affidavit, the party seeking discovery must specify "[1] what particular information is sought; [2] how, if uncovered, it would preclude summary judgment; and [3] why it has not previously been obtained." *Dowling v. Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988) (citations omitted). "If information concerning the facts to be discovered is solely in the possession of the [party moving for summary judgment], . . . a motion for continuance of a motion for summary judgment for purposes of discovery should then ordinarily

be granted almost as a matter of course." *Contractors Ass'n v. City of Phila.*, 945 F.2d 1260, 1263 (3d Cir. 1991) (internal quotation marks and citation omitted).

**B.     Consideration of the *Dowling* Factors**

Plaintiff has adequately identified the information she seeks to obtain through additional discovery. Plaintiff submitted an affidavit requesting: (1) Defendant's financial records related to payments made to or withheld from Plaintiff pursuant to the parties' March 10, 2016 settlement agreements; and (2) deposition testimony of Defendant's workers compensation counsel responsible for the March 10, 2016 settlement agreements. (Mot. to Open, Ex. 3.) Plaintiff has also submitted an exhibit detailing proposed admissions, production of documents, and interrogatories that are not limited to the above topics ("Exhibit 4"). (Mot. to Open Ex. 4.)

Plaintiff argues that the requested discovery could preclude summary judgment. She argues that the financial records will show that Plaintiff revoked the settlement agreements by refusing to cash Defendant's checks issued pursuant to the agreements. The records will also show that Defendant accepted the revocation when it refused to re-issue the checks. Moreover, Plaintiff argues that the testimony of Defendant's workers' compensation counsel will prove that Plaintiff's releases of her EEOC claim were not knowing or voluntary. Specifically, counsel and the judge present at the workers' compensation hearing relied heavily on the 21-day appeal period following the settlement hearing to assuage Plaintiff's concerns about waiving her EEOC claim. Yet there is little to no information in the record about this appeal period or what Plaintiff was supposed to have done during this period to assess her releases *after* they had already been signed. We are satisfied that Plaintiff's explanations are adequate. Briefing on the Motion for Summary Judgment has not included these issues and they are plainly relevant to our assessment of the Motion for Summary Judgment. However, Plaintiff has offered no explanation for the

4

broader discovery requested in the proposed discovery document attached to her Motion as Exhibit 4. Therefore, the Motion will be denied to the extent that it seeks this additional information.

Finally, Plaintiff argues that her former counsel inexplicably failed to request the necessary information. Generally, a party moving under Rule 56(d) must "affirmatively demonstrate[], with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts." *Banks v. City of Phila.*, 309 F.R.D. 287, 292 (E.D. Pa. 2015) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). "Retaining new counsel, by itself, does not establish good cause." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014). However, the *Dowling* factors "simply offer a guide for a district court to follow in exercising its discretion under Rule 56([d])," *Contractors*, 945 F.2d at 1267, and, in this case, the interests of justice would best be served by allowing Plaintiff to conduct this additional limited discovery. The additional discovery could preclude summary judgment, as outlined above, and it is solely in the possession of the party moving for summary judgment. *Id.* at 1263 ("If information concerning the facts to be discovered is solely in the possession of the [party moving for summary judgment], . . . a motion for continuance of a motion for summary judgment for purposes of discovery should [then] ordinarily be granted almost as a matter of course." (internal quotation marks and citation omitted)). Therefore, the Motion will be granted insofar as it seeks to discover information related to Defendant's pertinent financial records and actions of Defendant's workers' compensation counsel related to the workers' compensation proceedings.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Open Discovery will be granted. An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.